IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1)  SUSAN ENGLISH,                        )
                                            )
           Plaintiff,                       )
                                            )
v.                                          )      Case No. CIV-16-906-M
                                            )
(1)  WAL-MART STORES, INC., a foreign,     )
     for-profit business corporation,       )
                                            )
           Defendant.                       )

## COMPLAINT

Plaintiff Susan English ("Plaintiff"), for her causes of action against Defendant Wal-Mart Stores, Inc. ("Defendant"), alleges and states:

## The Parties

1. At all relevant times, Plaintiff was and now is a resident of the City of Purcell, McClain County, State of Oklahoma.

2. At all relevant times, Defendant was, and now is, a foreign, for-profit corporation who conducts business in many different places in Oklahoma, including in the City of Pauls Valley. Based on information and belief, Defendant Wal-Mart Stores, Inc. is the parent company and operating entity of Wal-Mart DC 6042 at issue here.

## Jurisdiction and Venue

3.   This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 2000e-5.

4.   Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b).

## Fact Allegations

5.   Plaintiff began her employment at the Walmart Distribution Center located in Pauls Valley, Oklahoma ("DC 6042") in or around January 2013.

6.   In April 2015, Plaintiff counseled an employee for a safety violation for her improper use of the forklift. Before she was able to write her up, Plaintiff's operations manager, John Brister ("Brister") called Plaintiff to his office and scolded her for what he titled as "bulldogging" the employee.

7.   The employee in question was a girlfriend of an ex-manager at DC 6042 who was good friends with Brister and Brister's office mate, Todd Mathews ("Mathews").

8.   Plaintiff was simply doing her job in counseling the employee and believed that she was being treated differently than other male employees in being scolded for doing what any other male employee in her position would have done.

9. Because she experienced this unequal and unfair treatment, Plaintiff filed an Ethics Complaint on April 4, 2015.

10. Since she filed her Complaint, she was verbally assaulted, demeaned and treated as an inferior by Matthews, a male co-manager, who was mentioned in the Complaint and is friends and office mate with Brister.

11. Essentially, Matthews undermined Plaintiff's supervision with Plaintiff's subordinates, questioned Plaintiff's job performance without any authority or basis, and unjustly criticized Plaintiff's work. Some of this was done in the presence of Plaintiff's supervisor who did nothing to protect or defend Plaintiff.

12. Additionally, after Plaintiff filed the complaint, two (2) baseless sexual harassment charges were filed against her.

13. One complaint was about an alleged relationship between Plaintiff and an associate employee while although several male managers have dated female associates without any repercussions or discipline.

14. The genesis of this complaint was based on an occasion in which Plaintiff had given her phone number to the associate because he had worked a very long shift, and Plaintiff was concerned that he might fall asleep on the

commute when he finished the workday. If he did become drowsy, Plaintiff asked to call, if he wanted to, in order to remain awake.

15. Initially, Defendant placed Plaintiff's supervisor on the "investigation" team to look into the charges. Instead of conducting a confidential investigation focusing on the specific allegations made by the employee, the team talked to many of Plaintiff's subordinates and questioned them about "inappropriate behavior" between Plaintiff and the employee bringing the charge in an effort to discredit Plaintiff and damage her reputation among her subordinates.

16. Defendant's General Manager, Larry Turner, ("Turner"), admitted that the way the investigation was conducted damaged Plaintiff's reputation in the DC, but simply downplayed it, stating that while her reputation had been damaged, "to what extent was hard to say."

17. The charges were totally unsubstantiated and were not supported by the "investigation." However, Plaintiff was still formally counseled for some aspects of supposed wrongdoing when other male managers were not disciplined for similar or worse actions than what Plaintiff allegedly did improperly.

18. Plaintiff was also given an internal company violation for not attending a manager's meeting when other male managers have missed many

more meetings without receiving any discipline.

19. In July 2015, Plaintiff filed another ethics complaint over the sexual harassment charges filed against her, the "investigation" that was conducted, the resulting hostile work environment, and the unequal discipline she received.

20. As a result of these complaints and Plaintiff's efforts in fighting the false sexual harassment allegations, Plaintiff was monitored more closely and counseled weekly for her work, when other male employees made significant and major errors but were not disciplined appropriately.

21. On the whole, Plaintiff noticed throughout her employment with Defendant that male managers and employees were treated more favorably than female employees.

22. Plaintiff requested a transfer to another shift in order to get away from the harassment and the humiliation the bogus investigation caused, but it was ignored.

23. However, in September 2015, Defendant forced Plaintiff to take a new shift that negatively impacted her family life as a single mother. Plaintiff made this clear to Defendant, and she also pointed out that there was a different shift that would work for her and Defendant.

24. Because Defendant was acting in a manner to force Plaintiff to quit her employment, Defendant ignored Plaintiff's request and changed her shift, making it difficult to Plaintiff to continue her employment.

25. Ultimately, since Defendant failed to cease its harassing attitude and continued its retaliatory and discriminatory actions, Plaintiff was forced to constructively discharge her employment.

26. Plaintiff filed her Charge of Discrimination in March 2016.

27. Plaintiff received her Notice of Right to Sue on or around May 11, 2015.

### FIRST CAUSE OF ACTION – VIOLATION OF TITLE VII OF THE 1964 CIVIL RIGHTS ACT, AS AMENDED, FOR GENDER DISCRIMINATION

28. Plaintiff incorporates by reference paragraphs 1 through 27 as though set forth in full herein.

29. At all relevant times, Plaintiff is a female, and a member of a class protected by Title VII of the 1964 Civil Rights Act, as amended.

30. Defendant was, and now is an "employer" within the meaning of Title VII of the 1964 Civil Rights Act, as amended, and did and now does employ more than 15 persons.

31. Under the applicable sections of Title VII, it is an unlawful employment practice for an employer to discriminate against any individual with respect to the terms, conditions, or privileges of her employment, because of her sex or gender.

32. Moreover, it is unlawful to limit, segregate, or classify employees that would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect her status as an employee, because of that individual's sex or gender.

33. Plaintiff was harassed and treated differently because of her gender. As set forth above, the terms and conditions of Plaintiff's employment regarding her authority as a supervisor, the discipline incurred, and her work schedule were all altered unfairly when male supervisors were treated more favorably in similar situations.

34. The unfair institution of discipline, for example, impacted Plaintiff's ability to earn raises or promotions with Defendant's corporate structure.

35. Defendant essentially classified and segregated employees by gender and treated the male supervisors more favorably than the female supervisors.

36. Ultimately, Plaintiff's gender was a motivating and significant factor in the hostile work environment she experienced which led to her constructive discharge.

37. As a direct and proximate result of Defendant's discriminatory treatment and actions herein above alleged in violation of Title VII of the 1964 Civil Rights Act, as amended, Plaintiff has suffered, and is now suffering, and will continue to suffer, irreparable injury and economic loss, as well as damages for emotional distress, mental anguish, embarrassment, humiliation, and loss of enjoyment of life. Plaintiff seeks all of the relief afforded by Title VII of the 1964 Civil Rights Act, as amended.

38. Plaintiff has complied with all of the administrative requirements prior to filing this action, and this action has been filed within ninety (90) days from the issuance of the letter by the Equal Employment Opportunity Commission.

39. Plaintiff further seeks punitive and exemplary damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and as determined by the jury at the time of trial.

WHEREFORE, Plaintiff demands and prays against Defendant as follows:

(1)  That a judgment be entered declaring that Plaintiff was unlawfully discriminated against by Defendant in violation of Title VII of the 1964 Civil Rights Act, as amended.

(2)  That Defendant be ordered to make Plaintiff whole by providing back pay, front pay, compensation for mental pain and suffering and emotional distress, sleeplessness, anxiety, humiliation, embarrassment, injury to reputation, and loss of enjoyment of life, and any and all other remedies authorized by Title VII of the 1964 Civil Rights Act, as amended, including, but not limited to, punitive damages.

(3)  That Defendant is enjoined from discriminating against Plaintiff in any manner that violates Title VII of the 1964 Civil Rights Act, as amended.

(4)  That Plaintiff be awarded her costs and expenses of this litigation, including reasonable attorney's fees, and expert witness fees; and

(5)  That Plaintiff be granted such other legal and equitable relief as the Court may deem just and proper and in compliance with Title VII of the 1964 Civil Rights Act, as amended, including punitive damages.

## SECOND CAUSE OF ACTION – VIOLATION OF TITLE VII OF THE 1964 CIVIL RIGHTS ACT, AS AMENDED, FOR RETALIATION

40.  Plaintiff incorporates by reference herein Paragraphs 1 through 39 as though set forth in full.

41. Plaintiff was the subject of bogus sexual harassment complaints in the workplace because of her gender, and she participated in answering questions about those complaints.

42. Under applicable law, participation in an internal investigation of alleged discriminatory practice is a protected activity, and Plaintiff was negatively impacted by the bogus sexual harassment charges and her involvement in the investigation into those complaints.

43. Because of these events and the unfair treatment Plaintiff was receiving in the workplace, Plaintiff filed an Ethics Complaint internally setting out her concerns and indicating that she was experiencing a hostile work environment because of her gender.

44. After she made her complaints, Plaintiff was retaliated against in that she was discriminated against in the terms and conditions of her employment as set forth above and was transferred to a shift that worked a hardship upon Plaintiff as a single mother.

45. Because of these discriminatory and retaliatory actions, Plaintiff was forced to constructively discharge her employment.

46. As a direct result of Defendant's retaliatory actions against Plaintiff, Plaintiff suffered economic loss, mental anguish and emotional distress, sleeplessness, anxiety, humiliation, embarrassment, injury to reputation, and lost enjoyment of life, all to her damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

47. Plaintiff further seeks punitive and exemplary damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and as determined by the jury at the time of trial.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(1) For damages in excess of $75,000.00, and as determined by the jury at the time of trial;

(2) For exemplary and punitive damages as determined by the jury at the time of trial;

(3) For her costs; and,

(4) For further and additional relief as the Court deems just and proper.

                                        BROCKMAN LAW, PLLC

                                        _s/Scott F. Brockman_____
                                        Scott F. Brockman, OBA#19416
                                        10601 S. Western, Suite 117
                                        Oklahoma City, Oklahoma 73170
                                        (405) 703-4429
                                        (405) 703-4499 (fax)
                                        scott@brockmanlawpllc.com
                                        ATTORNEY FOR PLAINTIFF

JURY TRIAL DEMANDED
ATTORNEYS' LIEN CLAIMED